JS-6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.    **CV 24-1863-JFW(JCx)**                                    Date:  April 5, 2024

Title:       Stefano Markell Parker, et al. -v- Ebay

---

**PRESENT: HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                    None

**PROCEEDINGS (In Chambers):**   ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION; and

ORDER DENYING AS MOOT PLAINTIFFS' OMNIBUS MOTION TO PROCEED IN FORMA PAUPERIS, MOTION FOR SUMMONS, AND REQUEST FOR COUNSEL [filed 3/6/24; Docket No. 2]

      Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

      In addition, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper . . . when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 89 (1998) (quotation omitted).  "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion."  *Hagans v. Levine*, 415 U.S. 528, 536 (1974) (internal citations and quotation marks omitted).  When a claim is not substantial, it is "so patently without merit that the claim requires no meaningful consideration."  *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 975 (9th Cir. 2019).

On March 6, 2024, Plaintiffs Stefano Markell Parker and Vital Waters International LLC (collectively, "Plaintiffs") filed a Complaint against Defendant Ebay.  In the Complaint, Plaintiffs allege that "[j]urisdiction is invoked pursuant to the Clayton Antitrust Act."  28 U.S.C. § 1331 only grants district courts jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." For a case to "arise under" federal law, a plaintiff's complaint must establish "either that federal law creates the cause of action or that [the plaintiff's] right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.* 463 U.S. 1, 27-28 (1983).  In this case, although Plaintiffs allege that jurisdiction is "invoked" pursuant to the Clayton Antitrust Act, Plaintiffs fail to allege a claim under the Clayton Antitrust Act or any other federal statutes that might give rise to federal question jurisdiction pursuant to Section 1331.  Instead, the totality of the allegations in Plaintiffs' Complaint are that "[i]n 2018 I sold many products on Ebay through my company Vital Waters International LLC.  At the end of the month I received a bill from Ebay for $500.00 usd. I knew something was not right because I pay the taxes on the sales when I buy the products that I sell on Ebay to my customers, and the taxes are included in the sells [sic] price when they purchase my goods. So Ebay . . . illegaly [sic] charged me $500.00 usd and being that I have not paid this illegal, it has effected [sic] my business credit, and hindered my company's growth."  As a result, Plaintiffs have failed to demonstrate that there is any federal question jurisdiction pursuant to Section 1331.  *See Steel Co.*, 523 U.S. at 89; *Hagans*, 415 U.S. at 536; *Tijerino*, 934 F.3d at 975.  In addition, Plaintiffs have failed to allege the citizenship of any of the parties.  As a result, Plaintiffs have also failed to demonstrate diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Accordingly, because there is no subject matter jurisdiction, this action is **DISMISSED without prejudice** for lack of subject matter jurisdiction.  Plaintiffs' Omnibus Motion to Proceed in Forma Pauperis, Motion for Summons, and Request for Counsel (filed March 6, 2024; Docket No. 2) is **DENIED as moot**.

IT IS SO ORDERED.